Smith v. Blagge.

dant·to make this objection. If the report be not filed, it is his own neglect, and we will not delay the motion for that ·reason.(a)

Rule granted.

### SMITH and SMITH *against* BLAGGE.

The record of a court in another state will not be received in evidence, unless the attestation be certified by the presiding judge, in the manner directed by the act of congress. Laws of U. S. vol. 1, p. 115.

THE plaintiffs brought an action of *debt* on a judgment obtained in the superior court of the state of Connecticut. The defendant pleaded *nul tiel record*, on which issue was joined.

A day having been assigned for the trial, *Hamilton*, for the plaintiffs, produced a copy of the record, which was authenticated in the mode directed by the act of congress, except that the presiding judge did not certify that the attestation of the clerk of the court in Connecticut, was in the usual form prescribed by the laws of that state.

*B. Livingston*, for the defendant, relied on this, and other objections, against the competency of the proof of the record.

*Per Curiam.* Without meaning that any inference shall be drawn from the opinion now delivered, as to the propriety of the present plea, which is conceded by the issue, *we think the copy of the record is not well authen-  [*239] ticated. We cannot officially know the forms of another state, and therefore they ought to be proved. The act of congress directs the mode 'of proof, and requires that the presiding judge of the court from which the copy is obtained shall certify that the attestation *is in due form*. This not being done, the record is not sufficiently proved.(b)

(a) Gra. Prac. 2d ed. 576.

(b) " The certificate under this branch of the requisition should be, according to the words of the law, by *the* judge ; i. e. the judge of the court in which

On the application of the plaintiffs, the court assigned another day to produce a copy duly authenticated.

the judgment was given. The use of the definite article implies the idea of a judge, who alone constitutes the court. If the court has more than one member, none can certify but the *chief* or *presiding one.* And the certificate should contain *intrinsic* evidence that the person certifying was a judge of the court in which the judgment was rendered; and not only so, but that he was the sole, chief, or presiding judge, as the case may be. Per *Martin,* J. delivering the opinion of the court in *Kirtland* v. *Smith,* 2 Mart. Lou. R. 497, 498. See also *Stephenson* v. *Bannister*, 3 Bibb's R. 369, 370, stated *infra.* And, it seems, defects in this respect cannot be supplied *aliunde.* Id. *Kirtland* v. *Smith, supra.* If, however, the record offered in evidence shows that the person certifying is chief justice, the certificate, it has been said, will be sufficient, though the fact of his being the chief presiding judge is not stated in his certificate. *Mudd* v. *Beauchamp,* Litt. Sel. Cas. 142. *Quære* however; for it ought to appear that the presiding judge possesses that character at the time of giving the certificate; *Stephenson* v. *Bannister,* 3 Bibb's R. 370, stated *infra*; and how can this fact appear save from the certificate?

"The chancellor is *the* judge of the court of chancery, for the purpose of authenticating proceedings of his court under the act of congress. *Scott* v. *Blanchard,* 8 Mart. Lou. R. N. S. 306.

"Where the judgment sought to be proved was rendered in the supreme court of the county of Jefferson, Mississippi, as appeared from the clerk's certificate, and the judge who certified, was *the judge of the first judicial circuit,* the authentication was decided to be incomplete. *Non constat,* say the court, that the judge who certifies or attests, presides in the court in which the judgment was rendered. *Kirtland* v. *Smith, supra.*"

See also *Stephenson* v. *Bannister,* 3 Bibb's R. 369. "It is indispensable that the judge should state in his certificate, that the *attestation of the clerk is in due form.* These words in the certificate mean, that the attestation is in the form adopted, by positive law or practice, for authenticating similar records in the state whence the record comes. The intention of congress was, not that the attestation should be according to the form used in the state where it was offered, or to any other form generally observed; but according to the form prescribed for the court where the proceeding was had; and the certificate of the presiding judge is the only evidence which can be received of such form having been complied with. *Craig* v. *Brown,* 1 Peters' C. C. R. 352. *Tipton* v. *Mayfield's curator,* 10 Lou. R. (by Curry,) 189, 193. *United States* v. *Wood,* 2 Wheel. Crim. Cas. 328. Conklin's Treat. 256. *Drummond* v. *Magruder,* 9 Cranch, 122, 125. *Barbour* v. *Watts,* 3 Marsh. Ken. R. 292. See *Henthorn* v. *Doe,* 1 Blackf. 160; id. 164, note (2). Hence, a mere certificate verifying the hand-writing of the clerk is not enough. *Craig* v. *Brown, supra.* No evidence can be received, contradictory to the certificate, for the purpose of showing that the attestation is not in due form. *Ferguson* v. *Harwood,* Cranch, 408, 412. Conklin's Treat. 256." Cowen & Hill's Notes to Phill. Ev. 1131, 1132, 1133.